# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES COURTHOUSE
500 PEARL STREET
ROOM 520
NEW YORK, NEW YORK 10007

DATE: APRIL 7, 2006.

CLERK,
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
1 COURTHOUSE WAY

BOSTON, MA.     02210

RE: USA - V - JOSE CARRASQUILLO

SDNY MAG. DOCKET # 06 MAG. 488

DEAR SIR/MADAM:

REFERRING TO THE ABOVE CAPTIONED MATTER, PLEASE BE ADVISED, FOR RECORD PURPOSES, THAT THIS MATTER HAS BEEN DISPOSED OF AS FOLLOWS:

(XXXXX)  1.  DEFENDANT (UPON WAIVER OF HEARING) REMANDED TO THE U.S. MARSHAL FOR REMOVAL.

(    )  2.  DEFENDANT (UPON WAIVER OF HEARING) BAILED FOR HIS APPEARANCE IN YOUR DISTRICT.  BOND ENCLOSED.

(    )  3.  PROCEEDINGS DISMISSED INCIDENT TO TURNOVER OF DEFENDANT IN STATE EXTRADITION PROCEEDING.

(    )  4.  COMPLAINT DISMISSED BY YOUR DISTRICT.

YOURS TRULY,

J. MICHAEL MCMAHON
CLERK OF COURT

PLEASE ACKNOWLEDGE RECEIPT OF RULE 5(c)(3)
DOCUMENTS ON COPY OF  THIS LETTER.

BY _____
        DEPUTY CLERK

GILBERT QUAN

# 06 MAG 0488

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA      :

                              :

    -v.-                    :

                              :

JOSE CARRASQUILLO,           :
    a/k/a "Clemente Lugardo,"   :
    a/k/a "Sandy"             :

                              :

            Defendant.    :

                              :
----------------------------------X

06 Mag.



RULE 5(c)(3)
AFFIDAVIT

U.S. DISTRICT COURT
FILED
APR 0 7 2006
S.D. OF N.Y.

SOUTHERN DISTRICT OF NEW YORK, ss:

       JAMES M. LOPEZ, being duly sworn, deposes and says that
he is a Special Agent with the Federal Bureau of Investigation,
and charges as follows:

       On or about February 23, 2004, the District of
Massachusetts issued a warrant for the arrest of an individual
named "Jose Carrasquillo," a/k/a "Sandy."  The arrest warrant was
based upon a complaint, dated February 23, 2004, returned in the
United States District Court, District of Massachusetts, charging
"Jose Carrasquillo," a/k/a "Sandy," with two counts of possession
with intent to distribute cocaine base, a/k/a "crack cocaine," in
violation of 21 U.S.C. § 841(a)(1).   A copy of the arrest
warrant is attached hereto as Exhibit A and a copy of the
complaint is attached as Exhibit B.

       I believe that JOSE CARRASQUILLO, a/k/a "Clemente
Lugardo," a/k/a "Sandy," the defendant, who was arrested on April
6, 2006, in the Southern District of New York, is the same
individual as the "Jose Carrasquillo," a/k/a "Sandy," who is
wanted in the District of Massachusetts.

       The bases for my knowledge and for the foregoing charge
are, in part, as follows:

       1.   I am a Special Agent with the United States
Federal Bureau of Investigation, and am involved in the
investigation of JOSE CARRASQUILLO, a/k/a "Sandy," a/k/a
"Clemente Lugardo," the defendant, who is the subject of an
arrest warrant issued in the District of Massaschusetts.  Because
this Affidavit is being submitted for the limited purpose of
establishing the identity of the defendant, I have not included
in this Affidavit each and every fact that I have learned
relating to CARRASQUILLO.  Where I report statements made by

A TRUE COPY
UNITED STATES MAGISTRATE
FOR THE SOUTHERN DISTRICT OF N.Y.
DEPUTY CLERK

others, those statements are described in substance and in part, unless otherwise noted.

2.    On or about April 5, 2006, I received information from a corrections officer at Riker's Island that an inmate named "Clemente Lugardo" was due to be released from state custody and that a detainer had been lodged against him based on the warrant issued in the District of Massachusetts for the arrest of "Jose Carrasquillo." The corrections officer sent to me by facsimile a copy of the detainer that had been lodged against "Clemente Lugardo." The detainer included the pedigree information for "Jose Carrasquillo" and, among other things, identified the social security number ("SSN") for "Jose Carrasquillo" to be 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.

3.    Thereafter, I contacted a Supervisory Special Agent in the FBI, Boston field office, who provided me with a copy of the arrest warrant issued for "Jose Carrasquillo" in the District of Massachusetts. (Ex. A). Earlier today, the Supervisory Special Agent further informed me that the SSN on the detainer for "Jose Carrasquillo" was the SSN that authorities had obtained from a Massachusetts driver's license for "Jose Carrasquillo." In addition, the Supervisory Special Agent informed me that the fingerprint card for "Clemente Lugardo" obtained in connection with the arrest in New York of "Clemente Lugardo" was compared to a fingerprint card on file for "Jose Casrasquillo," which had been obtained by local authorities in Massachusetts in connection with a prior arrest of "Jose Carrasquillo." The Supervisory Special Agent stated that the fingerprint comparison revealed "Clemente Lugardo" and "Jose Carrasquillo" to be one and the same person.

4.    Earlier today, I contacted the United States Attorney's Office for the District of Massachusetts, and was provided a copy of the Complaint charging "Jose Carrasquillo" with two counts of Possession with Intent to Distribute Cocaine Base, in violation of Title 21, United States Code, Section 841(a)(1), (See Ex. B.), as well as a photo array that included a photograph of "Jose Carrasquillo." I subsequently received an electronic color copy of that photo array from the FBI field office in Boston.

5.    Earlier today, at approximately 1:40 p.m., I went to Riker's Island to determine whether the inmate named "Clemente Lugardo" was the same individual who is wanted in the District of Massachusetts under the name "Jose Carrasquillo." When I saw the inmate named "Clemente Lugardo," I recognized him to be "Jose Carrasquillo," whose photograph I had received today. In

2

addition, I asked the inmate what his name is and he stated that it is "Jose Carrasquillo."

6.    At that point, I placed the individual named "Clemente Lugardo" under arrest.  While transporting him back to the FBI field office in Queens, New York for processing, I asked him whether he knew why I was there and he stated, in sum and substance, that he understood that he needed "to go back to Boston."  At the FBI field office, I took the defendant's pedigree information with the assistance of a Spanish-speaking Special Agent.  During his processing, he stated, among other things, in sum and substance, that his SSN is 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, the same SSN that had been provided to me by the Supervisory Special Agent, as explained Paragraph 3 above, and that his nickname was "Sandy."

WHEREFORE, deponent prays that JOSE CARRASQUILLO, a/k/a "Clemente Lugardo, a/k/a "Sandy," the defendant, be bailed or imprisoned, as the case may be.

JAMES M. LOPEZ
Special Agent
Federal Bureau of Investigation

Sworn to before me this
6TH day of April, 2006.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

THEODORE H. KATZ
UNITED STATES    MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

3

AO 442 (Rev. 5/93) Warrant for Arrest

# United States District Court

_____ DISTRICT OF __Massachusetts__ _____

UNITED STATES OF AMERICA

V.

Jose Carrasquillo
AKA Sandy

## WARRANT FOR ARREST

CASE NUMBER: O4-

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____

Jose Carrasquillo, AKA Sandy
                                    Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

Deputy Clerk

[☑] Indictment [ ] Information [☒] Complaint [ ] Order of court [ ] Violation Notice [ ] Probation Violation Petition

charging him or her with (brief description of offense)

Distribution of cocaine base

in violation of
Title _____ 21 _____, United States Code, Section(s) 841(a)

Name of Issuing Officer

Signature of Issuing Officer

Title of Issuing Officer   U S Magistrate Judge

Date and Location   7-23-04 @ boston, Ma.

Bail fixed at $ _____ by _____
                                       Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

WARRANT EXECUTED BY FBI

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| | DEFENDANT ON  3/26/05 | |
| DATE OF ARREST | | |

This form was electronically produced by Elite Federal Forms, Inc.

AO 442 (Rev. 5/93) Warrant for Arrest

## THE FOLLOWING IS FURNISHED FOR INFORMATION ONLY:

DEFENDANT'S NAME:  Jose Carrasquillo

ALIAS: Sandy

LAST KNOWN RESIDENCE:  118 Franklin Street, Lawrence, MA 01841

LAST KNOWN EMPLOYMENT:

PLACE OF BIRTH:

DATE OF BIRTH (4 digit year):  00-00-1975

SOCIAL SECURITY NUMBER (last 4 digits only): 000 - 00 - 0404

HEIGHT: _____    WEIGHT: _____

SEX:    Male    RACE:    Hispanic

HAIR: _____    EYES: _____

SCARS, TATTOOS, OTHER DISTINGUISHING MARKS: _____

FBI NUMBER: _____

COMPLETE DESCRIPTION OF AUTO: _____

INVESTIGATIVE AGENCY AND ADDRESS:  Federal Bureau of Investigations

1AO 91 (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT

SCANNED

DISTRICT OF MASSACHUSETTS   DATE: 2/25/04

BY: AC

### UNITED STATES OF AMERICA

v.

**JOSE CARRASQUILLO,**
**A/K/A "SANDY,"**
(Name and Address of Defendant)

## CRIMINAL COMPLAINT

M.J. No.: 04-1670-CBS

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about **October 8 and 10, 2003** in **Essex County** in the District of **Massachusetts**, defendant did knowingly or intentionally distribute: cocaine base, a Schedule II controlled substance, also known as "crack cocaine," in violation of Title **21** United States Code, Section(s) **841(a)(1)**.

I further state that I am a **FBI Special Agent** and that this complaint is based on the following facts:

Please see attached Affidavit of FBI Special Agent Mark Karangekis

Continued on the attached sheet and made a part hereof:   [x] Yes   [ ]No
☐ electronically accurately captioned case
☑ electronically/originally filed on 2/23/2004
☐ original filed in my office on _____
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts.
By: _____
Deputy Clerk
Sworn to before me and subscribed in my presence,

_____
Signature of Complainant
FBI Special Agent Mark Karangekis

**February 23, 2004**          at     Boston, Massachusetts
Date                                        City and State

**CHARLES B. SWARTWOOD III**
**United States Magistrate Judge**
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

$04-1670-CBS$

## AFFIDAVIT OF MARK S. KARANGEKIS

I, Mark S. Karangekis, being duly sworn, depose and state
as follows:

1.  I am a Special Agent with the Federal Bureau
Investigation ("FBI").    I am currently assigned to the
Crime Task Force ("VCTF").

2.  I have been employed by the FBI for the past several years.
During that time, I have been involved in numerous investigations
relating to a wide variety of suspected criminal activity
including drug and firearms trafficking by organized street
gangs.  I have been the affiant on numerous affidavits in support
of criminal complaints and other applications and have spent much
of the last four years investigating gangs and gang-related
activity in and around the city of Lawrence.  I have received
training in the field of narcotics enforcement and investigations
including, but not limited to, training regarding the
identification of common street drugs such as cocaine base, a/k/a
"crack cocaine."  Through my training, education, and experience,
I have also become familiar with the manner in which illegal
drugs are transported, stored, and distributed, and with the
methods of payment for such drugs.

3.  I am submitting this affidavit in support of an
application for a criminal complaint charging JOSE CARRASQUILLO,
A/K/A "SANDY,"  with two counts of possession of cocaine base,
a/k/a "crack cocaine," with intent to distribute and distribution

of crack cocaine in violation of 21 U.S.C. §841 (a)(1). As is explained more fully below, **CARRASQUILLO** made controlled sales of crack cocaine to a cooperating witness "the CW") on October 8, 2003 and twice on October 10, 2003. All of these sales and some of the conversations leading up to them were consensually recorded by the CW, who has known **CARRASQUILLO** for years and who identified him from a photo array as the seller of the drugs. Tapes of these conversations and meetings have also been reviewed by Detective Richard Brooks of the Lawrence Police Department who speaks Spanish and is familiar with **CARRASQUILLO**'s voice. Detective Brooks has confirmed that the voice of the individual with the CW during the buys belongs to **CARRASQUILLO**.

3.  This affidavit is submitted for the limited purpose of establishing probable cause to believe that **CARRASQUILLO** has committed the above-described offenses. Accordingly, I have not included each and every fact known to myself and other law enforcement officers involved in this investigation.

4.  For the past eighteen months, I have been the case agent on a multi-agency investigation of the Latin Kings, a violent street gang that operates various local chapters in Massachusetts including, but not limited to, Lawrence and Lowell. Over the course of this investigation, law enforcement agents have made numerous purchases of controlled substances from members or associates of the Lawrence and Lowell chapters of the Latin Kings using various confidential informants and cooperating witnesses.

All of the buys and many of the conversations leading up to these purchases have been consensually recorded on audio and/or videotape. All of the drugs purchased have been field tested or certified by the DEA's Northeast Regional Laboratory ("NERL").

5. The current investigation into the crack cocaine trafficking of CARRASQUILLO was initiated in October, 2003 when the CW identified CARRASQUILLO as someone from whom the CW could purchase crack cocaine.[1] He/she reported to me that CARRASQUILLO sells drugs to and with members of the Latin Kings (including his brothers, EDWIN SERRANO, A/K/A "KING PSYCHO," and LUIS RAMIREZ, A/K/A "KING LITTLE PSYCHO,") and other street gangs operating in the Greater Lawrence Area.[2]

6. I have investigated CARRASQUILLO's background and criminal history and it corroborates what the CW told me. For example, I learned that, in January, 2002, CARRASQUILLO made a sale of crack cocaine to a DEA undercover agent. That sale led

---

[1] The CW is a former member of the Latin Kings who has known CARRASQUILLO for years. The CW has a substantial criminal record and history of drug trafficking and gang activity. The CW became involved in this investigation after he/she sold drugs to another cooperating witness. The CW has not been charged with this offense and has also been provided with assistance on a state probation matter that facilitated his/her ability to assist the FBI in this investigation. The CW has made drug purchases from other targets in this investigation. Information he/she has provided me has repeatedly been corroborated by the events of individual transactions and by information provided by other confidential informants and cooperating witnesses.

[2] SERRANO and RAMIREZ have both been indicted for drug offenses as part of this investigation.

to the issuance of a state search warrant for **CARRASQUILLO's**
residence.    The execution of that warrant resulted in the seizure
of additional crack cocaine. **CARRASQUILLO** was thereafter charged
with drug offenses in Lawrence District Court, convicted, and
sentenced to six months in prison.

7.    **CARRASQUILLO** was incarcerated at the Essex County House
of Correction in Middleton in connection with these offenses.
While **CARRASQUILLO** was in jail, members of the Essex County
Sheriff's Department monitored his telephone calls due to his
connection to the Latin Kings.    The calls that were monitored
included calls that **CARRASQUILLO** made to his brother, EDWIN
SERRANO, in which ongoing drug activities were discussed.    Those
calls have been reviewed by Detective Brooks, who has confirmed
that some of those calls were drug related and also became
familiar with **CARRASQUILLO's** voice.

8.    After **CARRASQUILLO** was released from the Essex County
House of Correction, a car **CARRASQUILLO** was driving was stopped
by the Massachusetts State Police.    After smelling marijuana
coming from inside the car, the officers searched it and seized
approximately 100 grams of crack cocaine.    In October, 2002,
**CARRASQUILLO** was  charged with drug offenses arising out of this
incident in Westborough District Court and was later indicted in
Worcester Superior Court.    That case remains pending and
**CARRISQUILLO** remains on pretrial release in connection with it.

9.    In January, 2003, **CARRASQUILLO** sold more crack cocaine

to a cooperating witness working with the Bureau of Alcohol, Firearms, and Tobacco ("ATF"). I understand that the sale occurred after CARRASQUILLO negotiated to sell the cooperating witness two guns. When the cooperating witness showed up at CARRASQUILLO's apartment, CARRASQUILLO said he didn't have the guns and sold the cooperating witness crack cocaine instead.

**A. THE PURCHASE OF CRACK COCAINE FROM CARRASQUILLO ON OCTOBER 3, 2003**

10. The first purchase of crack cocaine charged in this complaint occurred on October 3, 2003. At approximately 6:10 p.m. that evening, I met with the CW and asked him/her to place a telephone call to CARRASQUILLO. I recorded the telephone call with the CW's consent. Detective Brooks (who, as set forth above, speaks Spanish and is familiar with CARRASQUILLO's voice) was also present and listened to the call as it occurred.

11. The CW asked CARRASQUILLO for 14 grams of crack in Spanish. CARRASQUILLO agreed to sell the drugs to the CW and told the CW to come to his apartment located at 36 Winter Street in Lawrence.

12. In anticipation of the meeting with CARRASQUILLO, I searched the CW and the car that he/she would be driving to ensure that the CW had no controlled substances or cash on him/her. I then gave the CW a recording device, a transmitter, $500 in official government funds ("OGC") and a car equipped with audio/video surveillance equipment and told the CW to go to

Winter Street (where surveillance agents had already gone) to
meet CARRASQUILLO. The CW was then followed as he/she drove to
36 Winter Street.

13.  The CW got to 36 Winter Street at approximately 6:35
p.m. I watched the CW go into 36 Winter Street through the side
entrance and listened to him/her climbing stairs.   The CW
knocked on a door and was heard entering a room and having a
conversation with an individual whom Detective Brooks (who was
also monitoring the transmitter) recognized to be CARRASQUILLO.
The CW gave CARRASQUILLO $500 and waited in the living room while
CARRASQUILLO went into another room.  CARRASQUILLO returned
moments later and gave the CW 35 individual packets containing a
beige rocky substance.  In the course of this transaction,
CARRASQUILLO also showed the CW a large wad of cash.

13.  The CW then left 36 Winter Street.  Agents watched the
CW return to his/her car and followed him/her back to a
prearranged meeting location where I debriefed him/her (obtaining
the information summarized above) and he/she provided me with the
recording equipment and the packets that CARRASQUILLO had given
him/her.  I field tested the packets (the contents field tested
positive for cocaine) and inspected them.  Based on the color,
odor and appearance of the material in the packets, I believe
that it was crack cocaine.

14.  The packets purchased from CARRASQUILLO on October 3,
2003 were thereafter sent to the NERL.  On November 4,2003, NERL

certified that the packages contained 4.1 grams of cocaine base.

**B. THE PURCHASES OF CRACK COCAINE FROM CARRASQUILLO ON OCTOBER 10, 2003**

15. I also met with the CW on October 10, 2003. The purpose of this meeting was to attempt to purchase more crack cocaine from **CARRASQUILLO.**

16. The CW called **CARRASQUILLO** at approximately 7:20p.m. that evening.[3] The CW requested crack cocaine from **CARRASQUILLO.** **CARRASQUILLO** agreed to sell it and told the CW to come to his apartment.

18. After this call was finished, I followed the same procedures already described for the October 3 transaction to prepare the CW. The CW was searched, given recording equipment, a transmitter, and $500 in OGC, and then followed as he/she drcve to 36 Winter Street and went inside the building at approximately 7:45p.m.

19. Over the transmitter, we heard the CW go into an apartment and speak about drugs to an individual whom Detective Brooks (who again monitored the transmitter) recognized to be **CARRASQUILLO.** In fact, the CW later told me that, when he/she entered **CARRASQUILLO's** apartment, **CARRASQUILLO** and two other men were in the kitchen breaking up crack cocaine and bagging it for resale. The CW handed **CARRASQUILLO** $500 and he broke off a piece

---

[3] As with the October 3 transaction, the call was recorded and monitored by Detective Brooks, who recognized the voice on the other end of the line as **CARRASQUILLO's.**

of crack cocaine, put it inside a plastic bag, and gave it to the CW.

20.   The CW left 36 Winter Street shortly before 8p.m. He/she was followed back to a meeting location, searched again, and provided me with the recording equipment and the package that CARRASQUILLO had given him/her. I inspected and field tested th contents of the package (which tested positive for cocaine), and determined that the contents were crack cocaine.

21.   I received a telephone call from the CW approximately 30 minutes later. He/she advised me that CARRASQUILLO had called to offer her/him 7 more grams of crack cocaine and 15 "20" bags for $500 and that he said he was in "a hurry."[4] I told the CW to return to the meeting location so that we could make this second purchase.

22.   I met the CW for a second time at about 9:15p.m. He/she was given $500 more OGC, recording equipment and a transmitter, and followed as he/she returned to 36 Winter Street. As the CW drove over, he/she got another telephone call from CARRASQUILLO telling him/her to hurry up.

23.   We watched the CW go back inside and listened to him/her speak to CARRASQUILLO after going back inside the building. The CW told me that he/she went inside the apartment, and gave CARRASQUILLO the OGC in exchange for four plastic bags

---

[4] Based on my training and experience, I know that a "20 bag" refers to an amount of crack cocaine sold on the street for $20.

of crack cocaine.  Detective Brooks confirmed to me that the
person we heard speaking to the CW over transmitter was
**CARRASQUILLO**.

24.  After the second deal was completed, we followed the CW
back to our meeting location, where I searched the CW and got the
recording equipment and four plastic bags from him/her.  The
contents of the bags field tested positive for cocaine and had
the color, texture and appearance of crack cocaine.

25.  The two drug exhibits purchased from **CARRASQUILLO** on
October 10, 2003 were also sent to the DEA NERL.  On November 20,
2003, NERL certified that they contained 3.9 and 5.4 grams of
cocaine base respectively.

26.  Based on the forgoing, I believe there is probable
cause to believe that, on October 3, 2003 and on two occasions on
October 10, 2003,  **JOSE CARRASQUILLO, A/K/A "SANDY"**, did possess
with intent to distribute and distribute cocaine base, a/k/a
"crack cocaine" in violation of Title 21, United States Code,
Section 841 (a)(1).

Signed under the pains and penalties of perjury this ____
Day of February, 2004.

MARK S. KARANGEKIS
Special Agent, FBI

Sworn to and subscribed _____ day of
February, 2004

MAGISTRATE JUDGE CHARLES B. SWARTWOOD III

| IN UNITED STATES | ☐ MAGISTRATE | ☐ DISTRICT | ☐ APPEALS COURT or | ☐ OTHER PANEL (Specify below) | |
|---|---|---|---|---|---|

IN THE CASE OF

| | V.S. | | FOR | | LOCATION NUMBER |
|---|---|---|---|---|---|
| | | | AT **DOC #** | ✓ | ▶ |

*Pedro 14/1996 [?]*
*Van Dorn Cavvasquillo 4/7/06*

PERSON REPRESENTED (Show your full name) ▶ Joe Carrasquillo

U. S. DISTRICT COURT FILED APR 07 2006 S. D. OF N.Y.

| | | DOCKET NUMBERS |
|---|---|---|
| 1 ☑ Defendant—Adult | | Magistrate |
| 2 ☐ Defendant - Juvenile | | 06-488 |
| 3 ☐ Appellant | | District Court |
| 4 ☐ Probation Violator | | |
| 5 ☐ Parole Violator | | Court of Appeals |
| 6 ☐ Habeas Petitioner | | |
| 7 ☐ 2255 Petitioner | | |
| 8 ☐ Material Witness | | |
| 9 ☐ Other | | |

CHARGE/OFFENSE (describe if applicable & check box →)  ☑ Felony  ☐ Misdemeanor

---

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

| | | |
|---|---|---|
| **ASSETS** | **EMPLOY-MENT** | Are you now employed? ☑ Yes ☐ No ☐ Am Self-Employed<br>Name and address of employer: *Roofing*<br>IF YES, how much do you earn per month? $ 1100 – 1200  IF NO, give month and year of last employment  How much did you earn per month? $<br>If married is your Spouse employed? ☐ Yes ☐ No N/A<br>IF YES, how much does your Spouse earn per month? $  If a minor under age 21, what is your Parents or Guardian's approximate monthly income? $ |
| | **OTHER INCOME** | Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? ☐ Yes ☑ No<br>RECEIVED  SOURCES<br>IF YES, GIVE THE AMOUNT RECEIVED & IDENTIFY THE SOURCES  $ _____ |
| | **CASH** | Have you any cash on hand or money in savings or checking accounts? ☐ Yes ☑ No IF YES, state total amount $ |
| | **PROP-ERTY** | Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes ☑ No<br>VALUE  DESCRIPTION<br>IF YES, GIVE THE VALUE AND $ _____ DESCRIBE IT |

| | | | | |
|---|---|---|---|---|
| **OBLIGATIONS & DEBTS** | **DEPENDENTS** | MARITAL STATUS<br>✓ SINGLE<br>__ MARRIED<br>__ WIDOWED<br>__ SEPARATED OR DIVORCED | Total No. of Dependants  **4** | List persons you actually support and your relationship to them  2, 4, 6, 8 |

| | APARTMENT OR HOME: | Creditors | Total Debt | Monthly Paymt |
|---|---|---|---|---|
| **DEBTS & MONTHLY BILLS** (LIST ALL CREDITORS, INCLUDING BANKS, LOAN COMPANIES, CHARGE ACCOUNTS, ETC.) | child support | | $ | 700 |
| | rent | | $ | 650 |
| | personal loan | | $ 5000 | |

I certify under penalty of perjury that the foregoing is true and correct. Executed on (date)  4/7/06

SIGNATURE OF DEFENDANT (OR PERSON REPRESENTED) ▶ *Joe Carrasquillo*

A TRUE COPY
UNITED STATES MAGISTRATE
of THE SOUTHERN DISTRICT OF N.Y.
DEPUTY CLERK

I H-11.Revised 8/2005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X
                                                :
    UNITED STATES OF AMERICA        :          U.S. DISTRICT COURT
                                                :          FILED
                    - v -                       :          APR 0 7 2006
    Jose Carrasquillo                     :          S. D. OF N.Y.
                        Defendant       :
                                                :          ORDER APPOINTING COUNSEL
                                                :          (Federal Defenders of New York, Inc.)
                                                :
                                                :          Docket #  06-488
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

                                                DOC # 3

        Because the above name defendant has testified under oath or otherwise satisfied this
Court that he or she: (1) is financially unable to employ counsel, and (2) does not wish to
waive counsel, and because the interest of justice so require, the FEDERAL DEFENDERS
OF NEW YORK, INC. is hereby appointed to represent the defendant in the above designated case
for the following purpose:

        Check one)   _____        all proceedings

                          _____        bail/presentiment only

                          _____        other (specify)   Pretrial Von Doerren

        If the case proceeds to the U.S. District Court, the appointment shall remain in effect
until terminated or a substitute attorney is appointed.

Date  ____4/7/2006____              /s/ Theodore H. Katz
                                              Signature of U.S. Judge or Magistrate Judge
                                              or by order of the Court:

                                              _____
                                                        Clerk or Deputy

TO:    J. MICHAEL McMAHON, CLERK
        United States District Court
        Southern District of New York

        Federal Defenders of New York, Inc.
        52 Duane Street, 10th Floor
        New York, New York 10007

A TRUE COPY
UNITED STATES MAGISTRATE
OR THE SOUTHERN DISTRICT OF N.Y.
_____ DEPUTY CLERK

Copy 1 – Retain in Magistrate Judge File
Copy 2 – To Federal Defenders of New York, Inc.
Copy 3 – To U.S.D.C. Clerks Office ( Attn: C.J.A. Clerk)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK



U.S. DISTRICT COURT
FILED
APR 0 7 2006
S. D. OF N.Y.

```
┌─────────────────────────────────────────┐
│         UNITED STATES OF AMERICA          │
│                against                    │
│   _____    │
│                                           │
│  (Alias)_____      │
│                                           │
│   _____    │
│                                           │
│             Please PRINT Clearly          │
└─────────────────────────────────────────┘
```

66 - 488
DOCKET NO. ASSIGNED
JUDGE OR MAGISTRATE JUDGE

## NOTICE OF
## APPEARANCE

TO:   J. MICHAEL MCMAHON, CLERK.

DOC #

SIR:   YOU ARE HEREBY NOTIFIED THAT I APPEAR FOR THE DEFENDANT INDICATED ABOVE IN THE ENTITLED ACTION.

I AM APPEARING IN THIS ACTION AS  (Please check one)

1. [ ] CJA     2. [ ] RETAINED     3. [✓] PUBLIC DEFENDER (Legal Aid)

ADMITTED TO PRACTICE IN THIS COURT  [ ] NO     [✓] YES - IF YES GIVE YOUR DATE OF
ADMISSION. MO. _January_ YR. _2002_

I DO HEREBY CERTIFY THAT I HAVE FILED OR WILL FILE A CERTIFICATE OF GOOD STAN-DING FROM THE _New York_ STATE COURT, PURSUANT TO CRIMINAL RULE 1 OF THE LOCAL RULES FOR THE SOUTHERN AND EASTERN DISTRICTS OF NEW YORK.

DATED: NEW YORK, NEW YORK

_4/7/2008_

A TRUE COPY
UNITED STATES MAGISTRATE
OR THE SOUTHERN DISTRICT OF N.Y.
_____ DEPUTY CLERK

SIGNATURE _Deirdre Von Dornum_
PRINT THE FOLLOWING INFORMATION CLEARLY
_Deirdre Von Dornum_
Attorney for Defendant
_Federal Defender Division, legal aid_
Firm name if any
_52 Duane Street_
Street address
_NY    NY    10007_
City        State        Zip
_(212) 417-8767_
Telephone No

NOTE: PLEASE COMPLETE THIS NOTICE OF APPEARANCE AND SUBMIT TO THE CLERK.
SNY CR. FORM REV. 0186

## DISPOSITION SHEET

IRIS LAN
AUSA

DATE OF ARREST 4/6/06  □ VOL. SURRENDER
                              □ ON WRIT
TIME OF ARREST 1:30 P.M.

MAGISTRATE'S
DOCKET NUMBER 06 MAG 488          TIME OF PRESENTMENT 3:20 P.M.

Warrect Lopny

PROCEEDING: □ Rule 5  □ Rule 9  □ Rule 40  □ Detention Hearing  ☑ Other: R 5(C)(3)

☑ INTERPRETER NEEDED  LANGUAGE: Spanish

DEFENDANT'S NAME Jose Carrasquillo

COUNSEL'S NAME Deirdre Von Dornum □ RETAINED  ☑ LEGAL AID  □ CJA

### BAIL DISPOSITION

☑ DETENTION □ ON CONSENT W/O PREJUDICE □ SEE DETENTION ORDER
□ DETENTION HEARING SCHEDULED AT DEFENDANT'S REQUEST FOR _____
□ AGREED BAIL PACKAGE
□ $ _____ PRB
□ _____ FRP
□ $ _____ CASH/PROPERTY: _____
□ TRAVEL RESTRICTED TO SDNY/EDNY/ _____
□ SURRENDER TRAVEL DOCUMENTS (& NO NEW APPLICATIONS)
□ REGULAR PRETRIAL □ STRICT PRETRIAL □ DRUG TESTING/TREATMENT
□ HOME INCARCERATION □ HOME DETENTION □ CURFEW □ ELECTRONIC MONITORING:
   CONDITIONS: _____
□ DEFENDANT TO BE RELEASED UPON FOLLOWING CONDITIONS:

_____
REMAINING CONDITIONS TO BE MET BY _____
□ OTHER:

D. Mass

A TRUE COPY
UNITED STATES MAGISTRATE
OR THE SOUTHERN DISTRICT OF N.Y.
                    DEPUTY CLERK

FOR RULE 40 CASES:
☑ ID HEARING WAIVED              □ PRELIMINARY HEARING WAIVED
☑ DEFENDANT TO BE REMOVED        □ ON DEFENDANT'S CONSENT

DATE FOR PRELIMINARY HEARING 4/21/06 Ctrm Date □ ON DEFENDANT'S CONSENT
COMMENTS AND ADDITIONAL PROCEEDINGS:

DATE 4/7/06          _____
                     UNITED STATES MAGISTRATE JUDGE
                     SOUTHERN DISTRICT OF NEW YORK

WHITE (ORIGINAL) - DEFENDANT'S FILE    PINK - U.S. ATTORNEY'S OFFICE    YELLOW - U.S. MARSHAL    GREEN - PRETRIAL SERVICES AGENCY
REV. (2001) IH - 2

AO 94 (Rev. 8/97) Commitment to Another District

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

| UNITED STATES OF AMERICA | **COMMITMENT TO ANOTHER** |
| V. | **DISTRICT** |
| Jose Carrasquillo | |

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| S.D.N.Y. | Massachusetts | 06 Mag. 488 | 04-1670-CBS |

**CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN**

☐ Indictment   ☐ Information   x Complaint   ☐ Other (specify)

charging a violation of    21    U.S.C. §  841(a)(1).

**DISTRICT OF OFFENSE**

District of Massachusetts

**DESCRIPTION OF CHARGES:**

Possession with the intent to distribute cocaine base, a/k/a "crack cocaine".

*U.S. DISTRICT COURT FILED APR 07 2006 S. D. OF N.Y.*

**CURRENT BOND STATUS:**

☐ Bail fixed at                           and conditions were not met
☐ Government moved for detention and defendant detained after hearing in District of Arrest
x Government moved for detention and defendant detained pending detention hearing in District of
☐ Other (specify)

| **Representation:** | ☐ Retained Own Counsel | x Federal Defender Organization | ☐ CJA Attorney | ☐ None |

| **Interpreter Required?** | ☐ No | X Yes | Language:  Spanish |

**DISTRICT OF**

## TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

| April 7, 2006 | |
| Date | United States Judge or Magistrate Judge |

**RETURN**

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |

*A TRUE COPY
UNITED STATES MAGISTRATE
OR THE SOUTHERN DISTRICT OF N.Y.
DEPUTY CLERK*